UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-CV-24968

JESUS D. PEREZ,

    Plaintiff,

vs.

DRACO PAINTING CORP,
LUCAS N. IGLESIAS, and
GUSTAVO IGLESIAS,

    Defendants.
_____/

## COMPLAINT FOR FLSA OVERTIME VIOLATION(S)

Plaintiff, Jesus D. Perez, sues Defendants, Draco Painting Corp, Lucas N. Iglesias, and Gustavo Iglesias, based on the following good cause:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Jesus D. Perez**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff was a non-exempt employee of Defendants.

4. Plaintiff consents to participate in this lawsuit.

5. **Defendant, Draco Painting Corp**, was a Florida for-profit corporation that was authorized to and actually conducted its for-profit business in this District, and it is *sui juris*.

6. **Defendant, Lucas N. Iglesias,** was and is a corporate officer of the corporate Defendant all times material, he ran its day-to-day operations, and was partially or totally

1

responsible for paying Plaintiff's wages.

7. **Defendant, Gustavo Iglesias,** was and is a corporate officer of the corporate Defendant all times material, he ran its day-to-day operations, and was partially or totally responsible for paying Plaintiff's wages.

8. Defendants were direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d). Both Defendants employed Plaintiff.

9. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants paid Plaintiff in this District, and because Plaintiff worked overtime in this District.

### *Background Facts*

10. Defendants have been at all times material engaged in interstate commerce in the course of their performance of commercial painting and remodeling throughout the United States which, traditionally, cannot be performed without using paints, plaster, wood/metal, glass, tiles, adhesives, goods, materials, supplies, and equipment that have all moved through interstate commerce.

11. Defendants also engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

12. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

13. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

14. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

15. Plaintiff's work for Defendants, and the work of the other similarly situated employees of Defendants, was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants.

16. Plaintiff performed construction handyman services for Defendants at locations inside of and outside of the State of Florida

17. Plaintiff worked for Defendants from approximately November 2017 to November 15, 2019.

18. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

19. During this time, Plaintiff utilized tools, machinery, materials, communication devices, and supplies that were provided to him by Defendants and that traveled in interstate commerce prior Plaintiff's use of the same.

20. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

21. Defendants paid Plaintiff at a rate of $20.00 per hour.

22. Plaintiff regularly worked approximately 50 hours in a workweek.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

23.     Plaintiff also traveled for work, including driving to / from Texas on several occasions, but was not compensated for this work travel time.

24.     Ultimately, Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular hourly rate for all of the hours worked over 40 hours in a given workweek.

25.     Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay for each of the overtime hours he worked during the relevant time period.

26.     Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay him overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay he earned.

27.     Plaintiff is entitled to a back-pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

28.     All conditions precedent have been satisfied by Plaintiff or waived by Defendants.

29.     Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

WHEREFORE Plaintiff, Jesus D. Perez, demands the entry of a judgment in his favor and against Defendants, Draco Painting Corp, Lucas N. Iglesias, and Gustavo Iglesias, jointly and severally, after trial by jury and as follows:

a. That Plaintiff recovers compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

b. That Plaintiff recovers pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recovers an award of reasonable attorney's fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recovers all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 3rd day of December 2019,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:    305.230.4884
*Counsel for Plaintiff*

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*